HAHN, Respondent, vs. ROTHSTEIN and wife, Appellants.

*May 4—May 31, 1921.*

*Master and servant: Laundress injured by washing machine: Safe-place-to-work statutes: Liability of master and mistress: Damages: Evidence.*

1. In an action against husband and wife by plaintiff, who had been hired to do the family washing, for injuries to her hand by being caught in the wringer of an electric washing machine, evidence that a safety device was installed on the machine similar to that on many other types of such machines and that the form of guard suggested by plaintiff's expert witness had been discarded by practically all manufacturers for the one installed, which seemed more adequate for the

purpose, did not justify a finding of the jury that the wringer, in the usual and customary manner of using it, was not as free from danger as the nature of the work reasonably permitted. The decisions, such as *Van de Zande v. C. & N. W. R. Co.* 168 Wis. 628, indicating the absolute nature of the safe-place-to-work statute (sec. 2394—48), are not minimized but are held inapplicable.

2. Where the defendant wife testified, "We bought the machine," and that she supposed she hired the plaintiff on behalf of her husband as well as herself, judgment was properly rendered against both, in the absence of any testimony to the contrary from defendants.

3. Where the physicians who treated plaintiff were not called to testify and there was not sufficient proof that the erysipelas from which she suffered some time after the injury was a result thereof, this element of damages should not have been considered by the jury.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed*.

The plaintiff was hired by *Mrs. Rothstein* to do the family washing at the home of the defendants, husband and wife. They had a Thor electric washing machine, as a part of which and above the portion used for the washing was a wringer attachment. This contained two hard rubber rollers through which the clothes were passed. On one side of the wringer attachment was the electric button by which the power was turned on or off. On the same side was a lever by which the movement of the rollers could be changed from one direction to the opposite. The plaintiff, while standing at the lever side of the machine and with her left hand putting the clothes into the wringer, found it necessary to lean forward over the machine and remove with her right hand some of the clothes which had passed through the wringer and which were piling up on the top or table of the washing machine. She testified that while so doing the machine made a sort of a jerking motion and her left hand was caught between the rollers and forced in almost to the wrist, causing severe injury to the hand and fingers.

The plaintiff had used other types of electric washing machines somewhat similar to this one.

Liability was predicated upon alleged violation by defendants of the duty imposed upon employers by sec. 2394—48, Stats., requiring that they "shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe."

When plaintiff rested after presenting her case she had offered no testimony as to the possibility of there being any system of guard or guards on such wringer attachment that would minimize or prevent the danger of the operator's hand getting into the space between the rollers. Defendants offered evidence tending to show that it was a practical impossibility with such a shaft-driven machine in the condition that it then appeared to be, to have any jerking motion in its operation. After defendants had moved for a directed verdict plaintiff obtained leave to reopen the case and offered further testimony.

The plaintiff then gave the evidence of an electrician who was familiar with the different kinds of washing machines and wringers on the market. He testified that a defective gear might cause a momentary jerking of the rollers. That on this particular machine there was a safety clutch right above the rollers, the lifting of which released the spring holding the rollers closely together, thereby spreading them apart and stopping the machine. Upon inquiry in that regard he testified:

"It is possible to have a guard on there. It can be put on there for a safety device. If that guard is put on it prevents partly getting your hands in there if anything goes wrong and you kind of get excited. It won't give you a chance to pull in there. . . . You won't get a chance to get up against the rollers."

On cross-examination he testified that in the six different

types of such machines sold by the firm with which he was then employed there were no guards such as he described on any of them except one which was driven by belt instead of shaft. That as to shaft-driven machines he has not recently seen any that had such a guard. That from seeing approximately ten or eleven different types of electric wringer attachments in the last two years and a half he has not seen any guard that makes such an injury absolutely impossible. No further testimony was offered by plaintiff with reference to the form, manner of attachment, or method of operation of any such possible guard or safety device referred to by this witness.

Defendants' testimony was that some three or four years prior to the time in question the earlier make of this machine did have a guard in front of the wringer, with a slide to feed the clothes through, that was discarded for the present safety device as found on this particular machine, the witness testifying that there is not half the danger with such safety clutch on top as with the older form; that nine tenths of the machines on the market are using the present form of safety device, and only one washing machine was known to witness that had anything similar to the old form of two wood rollers in front of the wringer.

Under the special verdict the jury found as follows: (1) The wringer in question, in the usual and customary manner of using it, was not as free from danger to plaintiff as the nature of the work reasonably permitted; (2) that such failure was the proximate cause of the injury; (3) there was no want of ordinary care on the part of plaintiff proximately contributing to her injury; (4) her damages assessed at $1,800.

Judgment in the civil court of Milwaukee county was ordered in favor of the plaintiff. Upon such judgment defendants appealed to the circuit court, where such judg-

ment was affirmed. From the judgment of the circuit court defendants have appealed.

For the appellants there was a brief by *Hugo J. Trost,* and oral argument by *Horace B. Walmsley,* both of Milwaukee.

*Ray J. Cannon,* attorney, and *A. W. Richter,* of counsel, both of Milwaukee, for the respondent.

ESCHWEILER, J.   We think the trial court should have set aside the answer of the jury to the first question of the special verdict whereby they found that the wringer in question, in the usual and customary manner of using it, was not as free from danger to the plaintiff as the nature of the work reasonably permitted.

In this instance it appears that a safety device was installed by the manufacturer on this machine similar to that on many other types of such machines being manufactured and sold in the general market. It thus appears that there had been no failure by the manufacturer to attempt, in a measure at least, to meet the requirements of the statute here involved.

It appears without contradiction that the form of guard vaguely suggested by plaintiff's expert witness had been discarded by practically all of the manufacturers of such machines for the one installed and which seemed more reasonably adequate for this very purpose. While this alone is not sufficient as a matter of law to establish that defendant in purchasing and using a machine so equipped has thereby complied with the duty imposed upon him as an employer, yet it is very persuasive in this case in compelling us to arrive at the conclusion at which we do, namely, that the testimony in this particular case was not sufficient to warrant that finding by the jury and without which the judgment in plaintiff's favor could not be supported. For this

reason the defendants' motion to set aside the verdict and for a new trial should have been granted.

In reaching this conclusion we have not overlooked nor are we unmindful of the many decisions stating the absolute nature of such a statutory obligation as indicated in such cases as *Van de Zande v. C. & N. W. R. Co.* 168 Wis. 628, 630, 170 N. W. 259, and cases there cited, and which are relied upon by respondent in support of the judgment herein. We are not hereby minimizing anything that is held in those cases, but are satisfied that the facts and circumstances in this case do not present a situation that is controlled by the former decisions upon the same statute upholding the rights of an employee to recover as against the employer.

Appellants also contend that in no event could judgment be properly rendered against the defendant husband. The defendant wife testified: "We bought the machine." She also said she supposed she hired the plaintiff on behalf of her husband as well as herself. In the absence of any testimony from the defendants in this regard, the defendant husband has no proper objection on that score.

Appellants also urge as prejudicial error the admission of certain testimony and of a remark by plaintiff's counsel to the jury during the argument. Neither of such, if error, was substantial or prejudicial.

Appellants also challenge the assessment of damages as excessive. The physicians who treated plaintiff for her injury were not called to testify, and under the evidence before us we cannot find sufficient proof of the necessary fact that the erysipelas from which plaintiff suffered some weeks after the injury and after she had returned to work was a result of the injury, and that element of damages should not have been considered by the jury upon the evidence then before them.

The question of plaintiff's contributory negligence, if

any, was for the jury and could not be decided as a question of law in defendants' favor, as they have asked here.

For the reasons above stated it follows that the judgment must be reversed and a new trial granted.

*By the Court.*—Judgment reversed, and the cause remanded for a new trial in the circuit court.